**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY MOORE,** | ) | Case No. 3:08 CV 2895 |
| | ) | |
| Petitioner, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **TIMOTHY BRUNSMAN, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

On December 10, 2008, Petitioner Timothy Moore, who is represented by Dean Boland, Esq., filed a Petition for Relief from a Conviction or Sentence by a Person in State Custody ("the Petition"). (**ECF No. 1**.) Moore is presently incarcerated by the State of Ohio in the Lebanon Correctional Institution at Lebanon, Ohio, where he is serving a sentence of 15 years to life following his conviction by a jury in 2006 of one count of murder. The Petition raises four grounds for relief: ineffective assistance of trial counsel (first ground for relief), violation of the Fifth Amendment based on the use at trial of Moore's statements during questioning by a police officer (second ground for relief), a violation of the Confrontation Clause during trial (third ground for relief), and a due process violation and denial of the right to a fair trial based on the trial court's failure to declare a mistrial (fourth ground for relief). (Id.)

The Petition was referred to Magistrate Judge William H. Baughman who, after reviewing the briefs and the record, issued a Report & Recommendation ("R&R"). (**ECF No. 27**.) Therein, the Magistrate Judge recommends that the Court dismiss the first ground for

relief on the basis that it is procedurally defaulted. (Id. at 29-36.) He recommends that the Court deny the remaining grounds for relief because Moore failed to respond to the Respondent's challenges to these grounds in his Traverse, and because they are meritless. (Id. at 36-42.)

Moore has filed an Objection to Magistrate's Report. (**ECF No. 28**.) He challenges only the Magistrate Judge's recommendation that the Court dismiss the first ground for relief based on procedural default. The Court construes Moore's failure to object to the Magistrate Judge's recommendation that the second through fourth grounds for relief be dismissed on the merits as his concession to dismissal of those grounds on the merits. Accordingly, the Court adopts the Magistrate Judge's recommendation that the second through fourth grounds for relief be denied on the merits.

The Court has reviewed the record with regard to the first ground for relief and finds as follows. The Magistrate Judge correctly determined, and the record shows, that Moore, who was represented by Attorney Boland, raised his ineffective assistance of trial counsel claims in a Rule 26(B) Application to Reopen Appeal. (R. 22.) The appeals court denied the motion <u>on the merits</u>. (R. 26.) The appeals court also denied Moore's application for reconsideration of that ruling. (R. 28.) Moore concedes that he did not appeal these rulings to the Ohio Supreme Court. (ECF No. 28, at 3.) Consequently, the Court concludes that Moore procedurally defaulted his ineffective assistance of trial counsel claims, precluding this Court's review of those claims in his § 2254 Petition.

Notwithstanding, Moore argues that he did not procedurally default his ineffectiveness claims because he thereafter proceeded to raise those claims in a Rule 33 motion for a new trial. First, the ineffectiveness claims raised in the Rule 33 motion were already procedurally

defaulted. Second, any ineffectiveness issues not raised in his Rule 26(B) Application were barred by *res judicata* – another adequate and independent state law ground prohibiting federal habeas review. Third, the state court denied the Rule 33 motion for a new trial on the basis that it was filed more than 120 days after the verdict without leave of court – yet another adequate and effective state law ground precluding federal habeas review. (R. 29.) Fourth, Moore's subsequent motion for leave to file a Rule 33 motion for a new trial was denied as untimely since, in the first instance, Moore failed to show by clear and convincing evidence that he was unavoidably prevented from discovering any alleged new evidence of trial counsel's ineffectiveness within 120 days after the verdict – another adequate and independent state law ground precluding federal habeas review. (R. 31.)

The Court, which has reviewed the trial transcript and the entire record, notes, in passing, that even if Moore could show cause for the procedural default, which he cannot, he would be unable to show prejudice.

Accordingly, the Court hereby **OVERRULES** the Objection (**ECF No. 28**), and **ADOPTS** the thorough, well-written R&R (**ECF No. 27**) in its entirety. That is, the Court **DISMISSES** the first ground for relief asserted in the Petition as procedurally defaulted and **DENIES** the second through fourth grounds for relief on the merits (**ECF No. 1**).

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     January 26, 2010*
**Dan Aaron Polster**
**United States District Judge**